# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| City of Florence, South Carolina, <br><br> Plaintiff, <br><br> v. <br><br> 3M Company, <br><br> Defendant. | Case No. 4:25-cv-04692-JDA |
| City of Union, South Carolina, <br><br> Plaintiff, <br><br> v. <br><br> 3M Company, <br><br> Defendant. | Case No. 7:25-cv-04657-JDA |
| Gaffney Board of Public Works, <br><br> Plaintiff, <br><br> v. <br><br> 3M Company, <br><br> Defendant. | Case No. 7:25-cv-04668-JDA |
| City of Clinton, South Carolina, <br><br> Plaintiff, <br><br> v. <br><br> 3M Company, <br><br> Defendant. | Case No. 6:25-cv-04675-JDA |
| Laurens County Water and Sewer Commission, <br><br> Plaintiff, <br><br> v. | Case No. 6:25-cv-04676-JDA |

1

| | |
|---|---|
| 3M Company, <br><br>       Defendant. | |
| Greenwood Commissioners of Public Works, <br><br>       Plaintiff, <br><br>  v. <br><br> 3M Company, <br><br>       Defendant. | Case No. 8:25-cv-04677-JDA |
| Grand Strand Water and Sewer Authority, <br><br>       Plaintiff, <br><br>  v. <br><br> 3M Company, <br><br>       Defendant. | Case No. 4:25-cv-04678-JDA |
| South Carolina Public Service Authority, a/k/a Santee Cooper, and agency of the State of South Carolina, <br><br>       Plaintiff, <br><br>  v. <br><br> 3M Company, <br><br>       Defendant. | Case No. 2:25-cv-04679-JDA |
| Woodruff-Roebuck Water District, <br><br>       Plaintiff, <br><br>  v. <br><br> 3M Company, <br><br>       Defendant. | Case No. 7:25-cv-04682-JDA |

**DEFENDANT'S MOTION TO TRANSFER**

Defendant 3M Company (3M) hereby moves to transfer the above-referenced actions to Judge Richard M. Gergel as member cases of multidistrict litigation (MDL) no. 2873, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG (D.S.C.) (the "AFFF MDL" or "MDL"), in the Charleston Division of this United States District Court, pursuant to 28 U.S.C. § 1404(a), Local Civil Rule 3.01(C), and Case Management Order No. 1 entered in the AFFF MDL (2:18-mn-2873-RMG, Dkt. No. 3) ("CMO 1"). Alternatively, 3M requests that the Court order the Clerk of Court to reassign these cases to Judge Gergel for coordination with the AFFF MDL as related cases.

## I. INTRODUCTION

These nine cases were filed by the same counsel on behalf of South Carolina water providers seeking to recover against 3M for alleged PFAS contamination of their drinking water sources. The complaints in these actions contain substantively identical allegations with respect to 3M's conduct and allege similar injuries. Plaintiffs allege that the disposal of 3M products that allegedly contained or degraded to PFAS contaminated their drinking water sources. However, Plaintiffs purport to disclaim any cause of action "based on the manufacture, sale, distribution, use, or disposal of PFAS associated with aqueous film forming foam"—a particular PFAS-containing product. Plaintiffs in all nine cases allege that their property has lost value and that they will incur costs to remove the PFAS.

Since 2018, Judge Gergel has managed the AFFF MDL, which involves thousands of claims against 3M and other defendants relating to contamination by or exposure to the exact same chemicals that are at issue in these nine actions. In his first MDL Case Management Order, Judge Gergel ordered the pretrial consolidation of all cases transferred to the AFFF MDL by the Judicial

Panel on Multidistrict Litigation, as well as "all related cases (i.e., civil actions where plaintiff(s) allege injuries or damages caused by groundwater contaminated with chemicals found in aqueous film-forming foam products) originally filed in this Court . . . including related cases filed in . . . this Court after the date of th[e] Order." CMO 1 ¶ 1. In the MDL, Judge Gergel has overseen extensive discovery from 3M relating to the same PFAS chemistries and same alleged conduct that are at issue in Plaintiffs' cases, including the production of over 8.5 million pages of documents and nineteen 3M fact witness and Rule 30(b)(6) depositions. In his management of the AFFF MDL, Judge Gergel prioritized the advancement and resolution of claims brought by hundreds of water provider plaintiffs alleging claims similar to those brought by the nine Plaintiffs in the instant cases, overseeing the litigation of a series of bellwether water provider cases that resulted in several nationwide water provider class action settlements, including one entered into by 3M that will result in the payment of *$10.5 to $12.5 billion* to class member water systems. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG, 2024 WL 1341122, at *3 (D.S.C. Mar. 29, 2024). Each of the nine Plaintiffs in the instant actions opted out of that settlement.

Although Plaintiffs had the right to opt out of the 3M water provider class settlement and pursue separate litigation, their actions since that time can only be understood as gamesmanship specifically calculated at avoiding the AFFF MDL, where their cases belong:

- First, three Plaintiffs that had previously filed cases alleging that PFAS contamination of their water supplies was attributable to AFFF abandoned their MDL cases. *See S.C. Pub. Serv. Auth. v. 3M Co.*, No. 23-cv-02272 (D.S.C.); *City of Florence v. 3M Co.*, No. 23-cv-05501 (D.S.C.); *Laurens Cnty. WSC v. 3M Co.*, No. 23-cv-05773 (D.S.C.).

- Second, after seeing 3M remove similar cases filed by other South Carolina water providers from state court directly to the AFFF MDL (*see, e.g.*, *City of Columbia v. 3M Co.*, No. 2:24-cv-03794-RMG (D.S.C.)), Plaintiffs *excluded* 3M from their new state court PFAS actions, naming instead only defendants that they presumed

to be unable to remove those cases to the AFFF MDL. *See* Am. Compl. 1, *City of Union v. AGC Chems. Ams., Inc.*, C.A. No. 2024-CP-44-00558 (S.C. Ct. of C.P. Union Cnty. June 4, 2025); Am. Compl. 1, *Gaffney Bd. of Pub. Works v. AGC Chems. Ams., Inc.*, C.A. No. 2025-CP-11-00073 (S.C. Ct. of C.P. Cherokee Cnty. June 4, 2025); 2d Am. Compl. 1, *City of Clinton v. AGC Chems. Ams., Inc.*, C.A. No. 2025-CP-30-00005 (S.C. Ct. of C.P. Laurens Cnty. June 5, 2025); 2d Am. Compl. 1, *Laurens Cnty. Water & Sewer Comm'n v. AGC Chems. Ams., Inc.*, C.A. No. 2024-CP-30-00734 (S.C. Ct. of C.P. Laurens Cnty. June 5, 2025); 2d Am. Compl. 1, *Greenwood Comm'rs of Pub. Works v. AGC Chems. Ams., Inc.*, C.A. No. 2024-CP-24-00735 (S.C. Ct. of C.P. Greenwood Cnty. June 5, 2025); 3d Am. Compl. 1, *Grand Strand Water & Sewer Auth. v. AGC Chems. Ams., Inc.*, C.A. No. 2024-CP-26-05523 (S.C. Ct. of C.P. Horry Cnty. June 5, 2025); Am. Compl. 1, *S.C. Pub. Serv. Auth. v. AGC Chems. Ams., Inc.*, C.A. No. 2024-CP-08-03336 (S.C. Ct. of C.P. Berkeley Cnty. June 5, 2025); 2d Am. Compl. 1, *Woodruff-Roebuck Water Dist. v. AFL Telecomms., LLC*, C.A. No. 2024-CP-42-02480 (S.C. Ct. of C.P. Spartanburg Cnty. June 13, 2025); 2d Am. Compl. 1, *City of Florence v. AGC Chems. Ams., Inc.*, C.A. No. 2024-CP-21-02844 (S.C. Ct. of C.P. Florence Cnty. June 13, 2025). When this gambit failed and defendants in two of the cases were nevertheless able to remove those cases to the AFFF MDL, those Plaintiffs went so far as to dismiss the removing defendants in order to get their cases back out of the MDL. *See Woodruff-Roebuck Water Dist. v. AFL Telecomms. LLC*, No. 24-cv-04618 (D.S.C.); *City of Florence v. Aladdin Mfg. Corp.*, No. 25-cv-01647 (D.S.C.).

- Third, Plaintiffs filed the instant actions in federal court outside the AFFF MDL, alleging the same injuries at issue in their state court PFAS actions, but this time naming only 3M as a defendant. Each of the new complaints—including the complaints filed by Plaintiffs that previously alleged in their MDL actions that their PFAS contamination was caused by AFFF—purports to disclaim any cause of action related to AFFF.

- Fourth, Plaintiffs filed Answers to Local Civil Rule 26.01 Interrogatories that refused to identify the AFFF MDL, or any of the individual cases pending in the AFFF MDL, as related actions. Thus, Plaintiffs did not identify as related cases *even their own prior MDL actions*[1] or the numerous actions pending in the MDL filed by other South Carolina water providers alleging PFAS contamination from purported non-AFFF sources.[2] *Compare, e.g.*, 3M's Answers to Local Civil Rule 26.01 Interrogs., *City of Union v. 3M Co.*, No. 7:25-cv-04657-JDA (D.S.C. June

---

[1] Local Civil Rule 26.01(E) note 14 makes clear that the rule requires parties to disclose "*any prior or pending*" related case.

[2] Despite arguing that the pending *MDL cases* filed by South Carolina water providers alleging PFAS contamination from non-AFFF sources were not related to the present cases, Plaintiffs nevertheless identified each others' non-MDL actions as related. *See, e.g.*, Pls.' Answers to Local Civil Rule 26.01 Interrogs. at 2–3, *City of Florence v. 3M Co.*, No. 4:25-cv-04692-JDA (D.S.C. May 29, 2025), Dkt. No. 3.

19, 2025), Dkt. No. 8, at related cases nos. 9–24.

As a result of Plaintiffs' extraordinary maneuvers, 3M now moves to transfer these cases to Judge Gergel in the Charleston Division as part of the MDL, where they properly belong for the reasons presented below.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice," this Court may transfer cases "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also* Local Civ. Rule 3.01(C) (D.S.C.) ("Any case may be transferred for case management or trial from one division to another division on motion of any party for good cause shown . . . ."). Courts consider whether a transfer is warranted for the convenience of the parties, for the convenience of the witnesses, and in the interests of justice. *Fairchild Semiconductor Corp. v. Nintendo Co.*, 810 F. Supp. 173, 174 (D.S.C. 1992).

"[I]t is well-settled within this district that the pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for change of venue." *Realson v. Univ. Med. Pharms. Corp.*, No. 09-cv-3277, 2010 WL 1838911, at *5 (D.S.C. May 6, 2010) (quoting *Supco Auto. Parts, Inc. v. Triangle Auto Spring Co.*, 538 F. Supp. 1187, 1192 (E.D. Pa. 1982)). Even if the cases ultimately are not consolidated in the transferee venue, "it is nonetheless expedient to allow a court that is already familiar with [a defendant's] essential arguments to adjudicate this case as well." *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 363 (W.D.N.C. May 19, 2003). Accordingly, "as a general proposition, cases should be transferred to [the venue] where related actions are pending." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur*, 743 F. Supp. 260, 263 (S.D.N.Y. 1990) (quoting *SEC v. First Nat'l Fin. Corp.*, 392 F. Supp. 239, 241 (N.D. Ill. 1975)).

> There is a strong policy favoring the litigation of related claims in the same tribunal in order that: (1) pretrial discovery can be conducted more efficiently; (2) the witnesses can be saved time and money, both with respect to pretrial and trial proceedings; (3) duplicitous litigation can be avoided, thereby eliminating unnecessary expense to the parties and at the (same) time serving the public interest; (4) inconsistent results can be avoided.

*Realson*, 2010 WL 1838911, at *6 (quoting *Supco*, 538 F. Supp. at 1192).

### III.     ARGUMENT

#### A. These cases are "related to" the AFFF MDL and are therefore subject to pretrial consolidation in the MDL under CMO 1.

As an initial matter, all nine of these cases should already be part of the AFFF MDL pursuant to the Pretrial Consolidation Order entered by Judge Gergel in early 2019. In CMO 1, Judge Gergel ordered the pretrial consolidation of all "all related cases (i.e., civil actions where plaintiff(s) allege injuries or damages caused by groundwater contaminated with chemicals found in aqueous film-forming foam products) originally filed in this Court . . . including related cases filed in . . . this Court after the date of th[e] Order." CMO 1 ¶ 1. These cases plainly meet the definition of "related cases" subject to consolidation in the AFFF MDL under CMO 1, as they are civil actions where Plaintiffs allege injuries or damages caused by water contaminated with PFOA and PFOS—the same "chemicals found in aqueous film-forming foam products" that have been at the center of the AFFF MDL. *See* Compl. ¶¶ 1–2, 86, *City of Union v. 3M Co.*, No. 25-cv-04657; Compl. ¶¶ 1–2, 91, *Gaffney Bd. of Pub. Works v. 3M Co.*, No. 25-cv-04668; Compl. ¶¶ 1–2, 86, *City of Clinton v. 3M Co.*, No. 25-cv-04675; Compl. ¶¶ 1–2, 87, *Laurens Cnty. Water & Sewer Comm'n v. 3M Co.*, No. 25-cv-04676; Compl. ¶¶ 1–2, 87, *Greenwood Comm'rs of Pub. Works v. 3M Co.*, No. 25-cv-04677; Compl. ¶¶ 1–2, 91, *Grand Strand Water & Sewer Auth. v. 3M Co.*, No. 25-cv-04678; Compl. ¶¶ 1–2, 88, *S.C. Pub. Serv. Auth. v. 3M Co.*, No. 25-cv-04679; Compl. ¶¶ 1–2, 87, *Woodruff-Roebuck Water Dist. v. 3M Co.*, No. 25-cv-04682; Compl. ¶¶ 1–2, 86, *City of Florence v. 3M Co.*, No. 25-cv-04692.

7

However, as noted above, in order to avoid assignment of their cases to the AFFF MDL consistent with CMO 1, Plaintiffs refused to identify the AFFF MDL as a related action in their responses to the Local Civil Rule 26.01 interrogatories. Instead, Plaintiffs argued that these actions are unrelated to the AFFF MDL because each "Plaintiff's Complaint 'expressly disclaims any causes of action, injury, or damages resulting from the manufacture, sale, distribution, use, or disposal of any AFFF by Defendant or any third-party.'" In responding as such, Plaintiffs both completely failed to address the definition of "related cases" set forth under CMO 1 and (as shown further below) the extensive overlap between their claims and the AFFF MDL. Indeed, numerous cases with similar disclaimers have been transferred to the MDL. *See, e.g.*, Transfer Order 2–3, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. June 2, 2025), Dkt. No. 3536; Transfer Order 1–2, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Oct. 4, 2024), Dkt. No. 2938; Transfer Order 1–2, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. June 7, 2024), Dkt. No. 2679; Transfer Order 3, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. June 5, 2023), Dkt. No. 1927. Moreover, as the Fourth Circuit has recognized in a different context, Plaintiffs' reliance on their purported AFFF disclaimers is misplaced, as such disclaimers may not be given dispositive effect in a way that would preclude 3M from raising AFFF use as part of its defense of this action. *See Maryland v. 3M Co.*, 130 F.4th 380, 393 (4th Cir. 2025). Accordingly, despite Plaintiffs' refusal to self-identify their actions as related to the AFFF MDL under Local Civil Rule 26.01, these cases should be transferred into the AFFF MDL pursuant to CMO 1.

### B. Plaintiffs' cases should be transferred to the AFFF MDL under 28 U.S.C. § 1404(a) and Local Civil Rule 3.01(C).

Even if Plaintiffs' actions were not subject to pretrial consolidation into the AFFF MDL pursuant to CMO 1, all nine cases should still be transferred to the MDL under 28 U.S.C. § 1404(a) and Local Civil Rule 3.01(C). The AFFF MDL covers claims against 3M and other defendants

8

relating to contamination by or exposure to the same chemicals that are at issue in these nine actions. Transferring these cases to the MDL fulfills all four of *Realson*'s arguments in favor of transferring related cases to the same venue: Pretrial discovery will be more efficient, the witnesses will be saved time and money, duplicitous litigation will be avoided, and inconsistent results will be avoided. 2010 WL 1838911, at *6.

The parties in the MDL have engaged in years of robust discovery overseen by Judge Gergel that would be wastefully duplicated, in whole or in part, if these cases are not transferred. As of June 2025, 3M has produced over 8.5 million pages in discovery in the MDL, and nineteen 3M fact witness and Rule 30(b)(6) depositions have been taken (beyond the numerous transcripts of 3M fact witness depositions taken in other PFAS litigation that have been produced in the AFFF MDL). Redoing discovery for these nine cases would mean more than potentially reviewing and reproducing the millions of pages that have already been produced in the MDL, and the possibility of witnesses being deposed on the same or similar topics for a second time. It would mean that this Court would have to decide numerous pretrial issues that the MDL Court has already decided. As the MDL Court has said, any PFAS contamination case brought by a water provider (such as all nine of these cases) proceeding outside of the MDL "will be … the most complicated case on their docket." Tr. of Fairness Hr'g of the 3M Settlement at 67, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 18-mn-2873 (D.S.C. Feb. 2, 2024) ("MDL Settlement Tr."). The MDL Court has already invested "years of intense study" on the complex issues that these cases present. *Id.* At best, redoing discovery would "lead[] to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). At worst, it would lead to the "inconsistent results" decried by *Realson* as inimical to the interests of justice that animate § 1404(a).

These cases overlap extensively with the AFFF MDL. Most notably, three Plaintiffs originally filed their cases as part of the MDL. *See S.C. Pub. Serv. Auth. v. 3M Co.*, No. 23-cv-02272 (D.S.C.); *City of Florence v. 3M Co.*, No. 23-cv-05501 (D.S.C.); *Laurens Cnty. WSC v. 3M Co.*, No. 23-cv-05773 (D.S.C.). One of these plaintiffs (Santee Cooper) even submitted a Water Provider Plaintiff Fact Sheet before later dismissing its MDL claims. In addition to these Plaintiffs' previous participation in the MDL, no fewer than nine other cases filed by South Carolina water providers alleging similar PFAS contamination claims against 3M and similarly purporting to disclaim contamination from AFFF are currently pending in the MDL. *See* related cases nos. 14–22 in Def. 3M Company's Resps. to Local Rule 26.01 Interrogs. at 2–3, *City of Union v. 3M Co.*, No. 7:25-cv-04657-JDA (D.S.C. June 19, 2025), Dkt. No. 8.

3M similarly directly removed to the AFFF MDL two cases filed by the State of South Carolina relating to PFAS contamination of some of the same water resources at issue in Plaintiff's complaint. *See South Carolina v. 3M Co.*, No. 23-cv-05734 (D.S.C.); *South Carolina v. 3M Co.*, No. 23-cv-05979 (D.S.C.) (alleging contamination of Broad River basin, Catawba River basin, Pee Dee River basin, Saluda River basin, and Santee River basin). In one of these cases, the State of South Carolina attempted to defeat federal jurisdiction and deprive 3M of a defense related to AFFF use as a cause of PFAS contamination by purporting to disclaim AFFF like Plaintiff did in this case. As noted above, the Fourth Circuit refused to give dispositive effect to such a disclaimer. *Maryland v. 3M Co.*, 130 F.4th 380, 393 (4th Cir. 2025). That case has returned to federal district court, where it is once again pending in the AFFF MDL. *See South Carolina v. 3M Co.*, No. 23-cv-05979 (D.S.C.).

The instant cases, like the other South Carolina cases discussed above, easily pass muster for transfer under 28 U.S.C. § 1404(a) and Local Civil Rule 3.01(C). Transferring these cases to

the AFFF MDL would save significant time and money, eliminate a burden on the Court, and put Plaintiffs on an equal footing with their fellow South Carolina public water providers.

### C. Granting transfer would be consistent with JPML and MDL precedents.

While this motion for intra-district transfer falls outside the scope of responsibility for the United States Judicial Panel for Multidistrict Litigation, which is responsible for transferring most cases to MDLs,[3] it is worth noting that JPML precedents further support transfer of these cases to the AFFF MDL. The JPML has routinely transferred even putative "non-AFFF" cases for coordination in the MDL when they arise from PFAS contamination of drinking water supplies already at issue in AFFF cases in the MDL.[4] Just last month, the JPML transferred *City of Savannah*—a putative "non-AFFF" case seeking to recover for PFAS in the City of Savannah's drinking water supply—to the MDL because a single personal-injury plaintiff in an AFFF case pending in the MDL had alleged injuries resulting from consumption of drinking water provided by the City of Savannah. *See* Transfer Order 2–3, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. June 2, 2025), Dkt. No. 3536. The JPML concluded that coordination with the MDL "is justified when such overlap exists." *Id*. at 2. Just such overlap exists here as well: 30 individual plaintiffs in the MDL—who allege injuries purportedly from drinking PFAS-contaminated water—have submitted an Amended Personal Injury Plaintiff Fact Sheet or Personal Injury Plaintiff Profile Form identifying one or more of the Plaintiffs in these nine water provider cases

---

[3] JPML Rule 7.2 provides that "[p]otential tag-along actions filed in the transferee district do not require Panel action," and parties should seek assignment to the MDL "in accordance with applicable local rules." JPML R. 7.2(a).

[4] *See, e.g.*, Transfer Order 3, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. June 5, 2023), Dkt. No. 1927 (transferring State of Illinois's putative "non-AFFF" lawsuit because "[i]t is sufficient that multiple CWS [community water supply] complaints in the MDL involve the same water sources as the State of Illinois complaint," and therefore "transfer of *State of Illinois* is necessary to avoid overlapping discovery and duplicative pretrial proceedings").

as a source of *AFFF-contaminated water* to which they were exposed. In fact, seven of the nine Plaintiffs in these actions (all except City of Union and City of Clinton) are identified as water providers by individual personal-injury plaintiffs litigating their claims in the MDL. Under the JPML's *City of Savannah* order, these cases clearly merit inclusion in the MDL to avoid overlapping discovery and pretrial proceedings related to the exact same drinking water supplies.

### D. Plaintiffs' efforts to evade the MDL would frustrate the MDL Court's management of the litigation before it and should not be rewarded.

As previously noted, in managing the AFFF MDL, Judge Gergel prioritized exactly the type of drinking water provider claims brought by Plaintiffs in the present actions, and these efforts resulted in substantial class settlements for water providers nationwide. Plaintiffs, as was their right, opted out of 3M's class settlement for public water systems in the AFFF MDL. However, Plaintiffs' extraordinary maneuvering in a transparent effort to avoid the AFFF MDL (or, for three plaintiffs, returning to the AFFF MDL) should not be rewarded, particularly at the expense of the MDL Court's careful management of the docket before it.

Transferring Plaintiffs' cases to Judge Gergel will prevent a "race of diligence among litigants for a trial in the [venue] each prefers." *Continental Grain*, 364 U.S. at 26. Plaintiffs should not be rewarded for their attempts to circumvent the MDL to the detriment of plaintiffs pursing related claims within the orderly procedures of the MDL—especially here where a third of the Plaintiffs were previously part of the MDL.

### IV. CONCLUSION

For all the reasons presented, the Court should transfer each of the nine above-referenced actions to Judge Richard M. Gergel as member cases of the AFFF MDL or, alternatively, should order the Clerk of Court to reassign the cases to Judge Gergel for coordination with the AFFF MDL as related cases.

        Respectfully submitted,

        <u>s/ Brian C. Duffy</u>
        Brian C. Duffy (Fed ID No. 9491)
        DUFFY & YOUNG, LLC
        96 Broad Street
        Charleston, SC 29401
        (843) 720-2044
        (843) 720-2047
        bduffy@duffyandyoung.com

        *Counsel for Defendant 3M Company*

July 28, 2025
Charleston, South Carolina